USDC IN/ND case 3:21-cv-00742-JD-MGG document 4 filed 08/24/21 page 1 of 11

20D01-2108-CT-000169
Filed: 8/24/2021 11:11 AM
Clerk
Elkhart Superior Court 1
Elkhart County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ELKHART SUPERIOR COURT 1 |
| ) SS: | | |
| COUNTY OF ELKHART ) | | CAUSE NO._____ |

ABEY BONIFIELD, )
)
    Plaintiff, )
)
v. )
)
KEYSTONE RV COMPANY, )
)
    Defendant. )

# COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Abey Bonifield, a qualified female employee of Defendant who at all times material to this Charge performed within the reasonable expectations of her employer. Plaintiff contends she was subjected to discrimination on the basis of her sex, subjected to disparate treatment on the basis of her sex, sexually harassed, and retaliated against for complaining of sexual harassment and discrimination in violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. The Defendant is Keystone RV Manufacturing, Plant 57, a company located at 3425 Corrie Drive, Goshen, IN 46526. Defendant is an "employer" for the purposes of Title VII.

3. Plaintiff filed as Charge of Discrimination (Charge No. 470-2021-00633) with the Equal Employment Opportunity Commission ("EEOC") on November 30, 2020, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The

–1–

EEOC issued its Dismissal and Notice of Rights on July 16, 2021, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional requirements have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff worked for Defendant from approximately October 3, 2017, until her wrongful termination on or about August 10, 2020. At the time of separation from employment Plaintiff's job title was "outside cleaner."

5. In approximately February 2020 Plaintiff began to experience being sexually harassed by co-worker Victor Martinez. Martinez, on multiple occasions while Plaintiff was helping a co-worker in Martinez's area who was struggling, touched Plaintiff without permission, running his hands up her leg and thigh, even touching her buttocks, while saying inappropriate sexual remarks. Plaintiff reported Martinez's behaviors to manager Zach Scott, who replied that Martinez had sexually harassed Plaintiff and about five other people, and said he would "get it handled." Martinez was, by information and belief, was not disciplined.

6. However, Martinez was informed by Scott that Plaintiff had reported him for the harassment, and Martinez began telling co-workers that Plaintiff had reported him and attempted to rally co-workers against her. Several female co-workers confronted Plaintiff and indicated that they just "ignored him" and walked away when he behaved inappropriately with them.

7. Plaintiff confronted Scott and asked why he identified her as the one who complained about the harassment after he told her it would be kept confidential. Scott denied telling

Martinez that she had reported him, but as the conversation went on Scott got angry and yelled at Plaintiff "What did you want me to do, Abey? Fire him? Then that would be two people you have gotten fired!" (Referring to a previous incident with a hostile co-worker who was terminated for violating company policy). This occurred on the same day Plaintiff made her complaint about Martinez.

8. A short while later on the same day, Plaintiff was called down to the Dennis Miller's ("Miller") office, the Plant's General Manager. Miller verbally attacked Plaintiff, yelling "Alright Abey, enough of your shit! I don't have time to be babysitting you all day. Whatever personal problems you have, leave them at home and don't bring them to work!" Confused, Plaintiff began to cry, and said "I hope you talk to Victor this way when he comes in your office." Miller replied "What I say to Victor is none of your business. If you paid attention to yourself and not other people you wouldn't be in this office. Just come in, do your work, and stay in your own fucking lane. You are not allowed to go back there to work anymore. Stay in your station. Period."

9. Following Plaintiff's report of sexual harassment, she was targeted on multiple occasions by management for unfair criticism and disparate treatment. For example, in July 2020, after a female co-worker ("Heather") verbally accosted Plaintiff, Plaintiff was reprimanded and told to "stay out of her area," even though the co-worker had been the aggressor. By information and belief, the co-worker had never complained of sexual harassment, and was not disciplined or reprimanded for her behaviors towards Plaintiff.

10. Approximately one week later, Plaintiff was confronted by Scott, who told her that it seemed like every time there was drama, Plaintiff's name was brought up, and he

–3–

reminded her that she had "even complained about Victor." Plaintiff replied "how can you throw that in my face? He was touching me, and like five other people, and I was the only one brave enough to tell you!"

11. Within weeks of this conversation with Scott, Plaintiff was called down to Junior Miller's ("Junior") office for a meeting with Junior, Scott, and group leader Regan Hoffman, and informed that she had been reported for sexual harassment after touching a female employee's buttock. Plaintiff replied that all the women in her area did that to each other ("tapping on the butt") and it was something that had been happening for a long time, and management was aware. Further, the action was not sexual in nature, but a display of support for one another, and the person she had done it to, had also done it to Plaintiff on multiple occasions. Regan Hoffman, group leader, also participated frequently in the activity. Junior responded that "just because someone does it to Abey, doesn't mean Abey can do it to someone else." Junior told Plaintiff that her employment was being terminated. Plaintiff then inquired if anyone else was being terminated from her area, as all others engaged in the same behavior. By information and belief, no other person from Plaintiff's area was terminated for this type of touching, even though all engaged in the behavior.

12. Plaintiff later learned that the same female ("Karina") who reported Plaintiff had been reported by "Stephanie" on the SAME DAY for touching Stephanie's buttock, but Karina was not summarily terminated as Plaintiff was. By information and belief, Karina had never complained of sexual harassment by a male co-worker.

13. Plaintiff is aware of the following male employees who were reported to management for sexual harassment during the time that Plaintiff was employed by Defendant, but not terminated: Jimmy Garcia, Tom Conrad, Victor Martinez, and Steven Nettrouer (forklift driver).

14. Plaintiff contends that the proffered reason for her termination was false and pretextual, and in reality she was discriminated against on the basis of her sex (female), sexually harassed, subjected to disparate treatment on the basis of her sex, and retaliated against for complaining of discrimination and sexual harassment in violation of her federally protected rights pursuant to Title VII.

15. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected her to emotional distress, inconvenience, mental anguish, embarrassment, and other damages and injuries. Plaintiff is entitled to compensatory damages, including reasonable attorney fees and costs.

16. Furthermore, the Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under Title VII, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by

jury in this action.

                                              Respectfully submitted,

                                              **LAW OFFICE OF JENNIFER L. HITCHCOCK**

                                              /s/ Jennifer L. Hitchcock
                                              Jennifer L. Hitchcock, #34635-02
                                              116 E. Berry Street, Suite 625
                                              Fort Wayne, IN 46802
                                              Telephone:  (260) 240-4644
                                              Facsimile:   (260) 498-2655
                                              E-mail:       Jennifer@jhitchcocklaw.com
                                              Attorney for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2021-00633 |

**Equal Employment Opportunity Commission** and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Abey Bonifield | (574) 238-2879 | 10/16/1986 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1375 Park 33 Blvd. Apt 106 | Goshen, IN 46526 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Keystone RV Manufacturing Plant 57 | 50+ | (574) 535-2100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3425 Corrie Drive | Goshen, IN 46526 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) **Sexual Harassment**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02/2020   Latest: 08/10/2020
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Abey Bonifield, a qualified female employee of Respondent who at all times material to this Charge performed within the reasonable expectations of her employer. Complainant contends she was subjected to discrimination on the basis of her sex, subjected to disparate treatment on the basis of her sex, sexually harassed, and retaliated against for complaining of sexual harassment and discrimination in violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

II. The Respondent is Keystone RV Manufacturing, Plant 57, a company located at 3425 Corrie Drive, Goshen, IN 46526. Respondent is an "employer" for the purposes of Title VII.

III. Complainant worked for Respondent from approximately October 3, 2017 until her wrongful termination on or about August 10, 2020. At the timer of separation from employment Complainant's job title was "outside cleaner."

IV. In approximately February 2020 complainant began to experience being sexually harassed by co-worker Victor Martinez. Martinez, on multiple occasions while Complainant was helping a co-worker in Martinez's area who was struggling, touched Complainant without permission, running his hands up her leg and thigh, even touching her buttocks, while saying things like "if you weren't married I'd fuck the shit out of you" and "if you weren't married I'd bend you over right here." Complainant reported Martinez's behaviors to manager Zach Scott, who replied that Martinez had sexually harassed Complainant and about five other people, and said he would "get it handled." Martinez was, by information and belief, was not disciplined.

V. However, Martinez was informed by Scott that Complainant had reported him for the harassment, and Martinez began telling co-workers that Complainant had reported him and attempted to rally co-workers against her. Several female co-workers confronted Complainant and indicated that they just "ignored him" and walked away when he behaved inappropriately with them.

VI. Complainant confronted Scott and asked why he identified her as the one who complained about the harassment after he told her it would be kept confidential. Scott denied telling Martinez that she had reported him, but as the conversation went on Scott got angry and

yelled at Complainant "What did you want me to do, Abey? Fire him? Then that would be two people you have gotten fired!" (Referring to a previous incident with a hostile co-worker who was terminated for violating company policy). This occurred on the same day Complainant made her complaint about Martinez.

VII. A short while later on the same day, Complainant was called down to the Dennis Miller's ("Miller") office, the Plant's General Manager. Miller verbally attacked Complainant, yelling "Alright Abey, enough of your shit! I don't have time to be babysitting you all day. Whatever personal problems you have, leave them at home and don't bring them to work!" Confused, Complainant began to cry, and said "I hope you talk to Victor this way when he comes in your office." Miller replied "What I say to Victor is none of your business. If you paid attention to yourself and not other people you wouldn't be in this office. Just come in, do your work, and stay in your own fucking lane. You are not allowed to go back there to work anymore. Stay in your station. Period."

VIII. Following Complainant's report of sexual harassment, she was targeted on multiple occasions by management for unfair criticism and disparate treatment. For example, in July 2020, after a female co-worker ("Heather") verbally accosted Complainant, Complainant was reprimanded and told to "stay out of her area," even though the co-worker had been the aggressor. By information and belief, the co-worker had never complained of sexual harassment, and was not disciplined or reprimanded for her behaviors towards Complainant.

IX. Approximately one week later, Complainant was confronted by Scott, who told her that it seemed like every time there was drama, Complainant's name was brought up, and he reminded her that she had "even complained about Victor." Complainant replied "how can you throw that in my face? He was touching me, and like five other people, and I was the only one brave enough to tell you!"

X. Within weeks of this conversation with Scott, Complainant was called down to Junior Miller's ("Junior") office for a meeting with Junior, Scott, and group leader Regan Hoffman, and informed that she had been reported for sexual harassment after touching a female employee's buttock. Complainant replied that all of the women in her area did that to each other ("tapping on the butt") and it was something that had been happening for a long time, and management was aware. Further, the action was not sexual in nature, but a display of support for one another, and the person she had done it to, had also done it to Complainant on multiple occasions. Regan Hoffman, group leader, also participated frequently in the activity. Junior responded that "just because someone does it to Abey, doesn't mean Abey can do it to someone else." Junior told Complainant that her employment was being terminated. Complainant then inquired if anyone else was being terminated from her area, as all others engaged in the same behavior. By information and belief, no other person from Complainant's area was terminated for this type of touching, even though all engaged in the behavior.

XI. Complainant later learned that the same female ("Karina") who reported Complainant had been reported by "Stephanie" on the SAME DAY for touching Stephanie's buttock, but Karina was not summarily terminated as Complainant was. By information and belief, Karina had never complained of sexual harassment by a male co-worker.

XII. Complainant is aware of the following male employees who were reported to management for sexual harassment during the time that Complainant was employed by Respondent, but not terminated: Jimmy Garcia, Tom Conrad, Victor Martinez, and Steven Nettrouer (forklift driver).

XIII. Complainant contends that the proffered reason for her termination was false and pretextual, and in reality she was discriminated against on the basis of her sex (female), sexually harassed, subjected to disparate treatment on the basis of her sex, and retaliated against for complaining of discrimination and sexual harassment in violation of her federally protected rights pursuant to Title VII.

02:51:48 p.m. 11-30-2020 2604443441
2020-11-30 15:28 0 2604443441 >>
USDC IN/ND case 3:21-cv-00712-JD-MGG document 4 filed 08/24/21 page 9 of 11
Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 11-30-2020
P 6/6

XIV. Respondent's discriminatory and retaliatory conduct was the direct and proximate cause of Complainant suffering the loss of her job and job-related benefits, including income, and subjected her to emotional distress, inconvenience, mental anguish, embarrassment, and other damages and injuries. Complainant is entitled to compensatory damages, including reasonable attorney fees and costs.

XV. Furthermore, the Respondent's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights under Title VII, warranting an imposition of punitive damages.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

November 27, 2020
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

Lynda L Hershberger

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) November, 27, 2020

LYNDA L HERSHBERGER
Notary Public, State of Indiana
Elkhart County
Commission Number NP0633600
My Commission Expires
March 01, 2028

20D01-2108-CT-000169

Filed: 8/24/2021 11:11 AM
Clerk
Elkhart County, Indiana

USDC IN/ND case 3:21-cv-00712-JD-MGG document 4 filed 08/24/21 page 10 of 11

EEOC Form 161 (11/2020)

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Abey Bonifield**<br>1375 Park 33 Blvd, Apt 106<br>Goshen, IN 46526 | From: **Indianapolis District Office**<br>101 West Ohio Street, Suite 1900<br>Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00633 | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(463) 999-1148** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*                                07/16/2021

Enclosures(s)

**Michelle Eisele,**                              *(Date Issued)*
**District Director**

cc: Christine Conrad
Human Resources Manager
KEYSTONE RV
2642 HACKBERRY DR
Goshen, IN 46526

Jennifer L. Hitchcock
LAW OFFICE OF JENNIFER L. HITCHCOCK
116 E. Berry St., Ste 625
Fort Wayne, IN 46802